IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CALVIN SMITH, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CONCORD SERVICING CORPORATION d/b/a BLACKWELL RECOVERY, <br><br> Defendant. | Case No. 20-cv- |

**CLASS ACTION COMPLAINT**

Plaintiff, Calvin Smith, individually and on behalf of a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**VENUE AND JURISDICTION**

1. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue is proper in this District because parts of the acts and transactions occurred here, and Defendant transacts substantial business here.

**STANDING**

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats. *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

4. Plaintiff has suffered an injury in fact from Defendant's communication of false information regarding additional charges and amounts being added to a collection

account. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5. Plaintiff, Calvin Smith, ("Plaintiff') is a resident of the State of Illinois, from who Defendant attempted to collect a delinquent consumer debt allegedly owed for a Travel Advantage Network account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant Concord Servicing Corporation d/b/a/ Blackwell Recovery ("Blackwell") is an Arizona Corporation that does or transacts business in Illinois. Blackwell's registered agent is Robert W. Bertrand, located at 4150 N. Drinkwater Blvd, Suite 200, Scottsdale, AZ 85251.

7. Blackwell regularly collects or attempts to collect defaulted consumer debts on behalf of others and is a "debt collector" as the term is defined in § 1692(a)(6) of the FDCPA.

## FACTUAL ALLEGATIONS

8. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Travel

Advantage Network time share vacation package ("alleged debt").

9. The vacation packages were for personal use.

10. The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

11. Plaintiff encountered financial difficulty and defaulted on the alleged debt.

12. Blackwell subsequently began collecting the alleged debt.

13. Blackwell sent a letter to Plaintiff on June 9, 2020 attempting to collect the alleged debt. (Exhibit A, Blackwell Letter).

14. The letter provides that the total balance due is $1,260.70.

15. The letter goes on to state

"Please remit your past due balance of $1,260.70 (see Breakdown above), which includes maintenance fees, late charges, and other applicable charges allowed by your contract, made payable to Travel Advantage Network."

16. In the breakdown of the Blackwell Letter it lists late charges as $0.00

17. In August of 2020, Travel Advantage Network sent Plaintiff an invoice regarding his account. (See Exhibit B, Invoice)

18. The invoice states "Total Amount due by 09/01/2020 (late fee $0.00): $462.95. Total Amount due after 09/12/2020 (late fee $3.00): $465.95

19. Late charges were being assessed on Plaintiff's account by Travel Advantage Network.

20. The Blackwell Letter, sent on June 9, 2020, failed to state that the amount of the alleged debt was increasing as late charges were being assessed on Plaintiff's account.

21. The Letter further failed to indicate by what date Blackwell would accept the "Amount of Debt" as payment in full on the alleged debt.

22. Plaintiff was confused by the Blackwell Letter as late charges were being assessed by Travel Advantage Network, but Blackwell failed to include them in its breakdown of the debt.

23. The unsophisticated consumer would be confused by Blackwell's letter as it lists late charges as $0.00, even though late charges were being assessed.

24. 15 U.S.C. § 1692g(a)(1) provide in part as follows:

> **§ 1692g Validation of Debts**
>
> **(a) Notice of debt; contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **(1) the amount of the debt**

25. Blackwell failed to state the amount of the debt, in violation of § 1692g(a)(1), when it failed to inform a consumer that the amount of the debt was increasing.

26. For debts where it is possible that the amount due could vary, it is mandatory for the debt collector to inform the consumer of this fact and to disclose how to determine the balance of the debt. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000) (providing sample language a debt collector may use to satisfy the amount-of-debt provision of the FDCPA).

27. Blackwell's failure to disclose the possibility of late charges continuing to accrue on the alleged debt is deceptive as a matter of law. *Boucher v. Fin. Sys. of Green Bay, Inc.*, No. 17-2308, 2018 WL 443885, at *2 (7th Cir. Jan. 17, 2018).

28. The omission of the mention of late charges accruing is a material omission prohibited by the FDCPA.

29. Plaintiff did not know that the balance was increasing on the alleged debt.

30. Plaintiff's last payment on the alleged debt was in 2009.

31. The statute of limitation in Illinois on written contracts is ten years. 735 ILCS 5/13-206.

32. Thus, the alleged debt was time-barred when Blackwell sent the Blackwell Letter, which was more than ten years after the cause of action relating to the alleged debt accrued.

33. The Blackwell Letter did not, however, inform Plaintiff that the debt was time-barred, and that Plaintiff could not be sued for it.

34. Furthermore, the Blackwell Letter did not inform Plaintiff that some actions, including a partial payment, could revive the statute of limitations and permit a lawsuit against Plaintiff.

35. A collection letter is deceptive (a) when it does not tell the consumer that the debt is time-barred and the debt collector or creditor cannot sue the consumer to collect it or (b) when it does not tell the consumer that the effect of making (or agreeing to make) a partial payment on a time-barred debt is to revive the statute of limitations for enforcing that debt. *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 684 (7th Cir. 2017).

36. The Blackwell Letter did not contain material information relating to whether Plaintiff could be sued on the alleged debt, or the effect of making a payment on the alleged debt.

37. Plaintiff did not know that he could not be sued on the alleged debt because of its age.

38. An unsophisticated consumer would not know that he could not be sued on the alleged debt because of its age.

39. Plaintiff did not know that making a payment, or even attempting to make a payment, would reset the statute of limitations on the debt, permitting Blackwell or one of Travel Advantage Network's other debt collectors to sue Plaintiff to collect the alleged debt.

40. The unsophisticated consumer would not know that making a payment, or even attempting to make a payment, would reset the statute of limitations on the debt, permitting Blackwell or one of other Travel Advantage Networks other debt collectors to sue said consumer to collect the alleged debt.

41. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount or legal status of any debt; . . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. . . .**

42. Blackwell made deceptive and misleading representations, in violation of 15 U.S.C. §§ 1692e(2)(A) and 1692e(10), when it attempted to collect a time-barred debt without informing Plaintiff that he could not be sued on the debt as it was time-barred, and that certain actions such as payments could reset the statute of limitations.

43. Blackwell misrepresented the legal status of an alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), when it attempted to collect a time-barred debt without informing Plaintiff that he could not be sued on the alleged debt as it was time-barred.

44. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

45. Blackwell engaged in an unfair practice, in violation of 15 U.S.C. § 1692f, when it attempted to collect a time-barred debt without informing Plaintiff that he could not be sued on the alleged debt as it was time-barred, and that certain actions such as payments could reset the statute of limitations.

46. Blackwell's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F. 3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT— INDIVIDUAL CLAIM

47. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

48. Blackwell made deceptive and misleading representations, in violation of 15 U.S.C. §§ 1692e(2)(A) and 1692e(10), when it attempted to collect a time-barred debt

without informing Plaintiff that he could not be sued on the debt as it was time-barred, and that certain actions such as payments could reset the statute of limitations.

49. Blackwell misrepresented the legal status of an alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), when it attempted to collect a time-barred debt without informing Plaintiff that he could not be sued on the alleged debt as it was time-barred.

50. Blackwell engaged in an unfair practice, in violation of 15 U.S.C. § 1692f, when it attempted to collect a time-barred debt without informing Plaintiff that he could not be sued on the alleged debt as it was time-barred, and that certain actions such as payments could reset the statute of limitations.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Blackwell as follows:

- A. Statutory damages in favor of plaintiff and all class members pursuant to 15 U.S.C. § 1692k(a)(2)(B), and actual damages, if any;
- B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);
- C. Such other or further relief as the Court deems proper.

## CLASS ALLEGATIONS

51. Plaintiff brings this action individually and on behalf of a class:

(1) all persons similarly situated in the State of Illinois (2) from whom Defendant Blackwell attempted to collect a delinquent Travel Advantage Network debt (3) by mailing a letter substantially similar to Exhibit A, which (4) which fails to indicate that the alleged debt was increasing due to late fees (5) during the period of time that begins one year prior to the filing of this Complaint and ends on the date for filing this Complaint.

52. The letter contained within Exhibit A is a form letter, and the Class likely consists of more than 40 persons from who the Defendant attempted to collect a debt using a letter substantially similar to that contained in Exhibit A.

53. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

54. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

55. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

56. Plaintiff will fairly and adequately protect and represent the interests of the Class. The factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Blackwell's conduct was perpetrated on all members of the Class and will be established by common proof.

57. Plaintiff has retained counsel that has been approved as class counsel in prior cases, including class actions brought under the FDCPA.

### COUNT II—FAIR DEBT COLLECTION PRACTICES ACT— CLASS CLAIM

58. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

59. Blackwell failed to state the amount of the debt, in violation of § 1692g(a)(1), when it failed to inform the consumer that the amount of the debt was increasing.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the Class and against Blackwell as follows:

A. Statutory damages in favor of plaintiff and all class members pursuant to 15 U.S.C. § 1692k(a)(2)(B), and actual damages, if any;

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C. Such other or further relief as the Court deems proper.

Respectfully submitted,

By: /s/ Daniel Brown
        Daniel Brown

Daniel Brown
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E: daniel@mainstreetattorney.com


Celetha Chatman
Michael Wood
**Community Lawyers, LLC.**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

## **NOTICE OF LIEN AND ASSIGNMENT**

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorneys' fees have been assigned to counsel.

                                                  By: /s/ Daniel Brown
                                                        Daniel Brown